Bonnie E. FRANCIS

v.

**COMMISSIONER OF the DEPARTMENT OF HUMAN SERVICES.**

Supreme Judicial Court of Maine.

Argued April 28, 1986.
Decided Aug. 11, 1986.

Joyce Mykleby, (orally), Pine Tree Legal Assistance, Inc., Machias, for plaintiff.

Kathryn Monahan Ainsworth, Portland, Ann R. Gosline, Litchfield, for amici curiae.

James Tierney, Atty. Gen., Leigh Ingalls Saufley, (orally), Senior Asst. Atty. Gen., Depart. of Human Services, Augusta, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE, WATHEN and SCOLNIK, JJ.

NICHOLS, Justice.

Pursuant to M.R.Civ.P. 75 and 5 M.R. S.A. § 11008 (1979) Bonnie E. Francis, appeals from a judgment of the Superior Court, Washington County, affirming a decision of the Commissioner of the Department of Human Services denying her benefits under the Aid to Families with Dependent Children (AFDC) program. 22 M.R. S.A. §§ 3741–3760 (1980 & Supp.1985); 42 U.S.C.A. §§ 601–626 (1983 & Supp.1986).

Mrs. Francis had applied for and had been denied AFDC benefits after separating from her husband. She then requested a fair hearing regarding the denial of benefits. After the hearing, the Commissioner affirmed the denial because he concluded that there was no continued absence of either parent in any given thirty-day eligibility period and that the children were not deprived of the parental support and care of either parent. Because the Commissioner's findings of fact are supported by competent evidence we affirm the judgment.

When she and her husband, Bruce Francis, were divorced on December 15, 1983, the District Court ordered joint custody of the couple's two children, and, by the terms of a modified decree, Bruce Francis pays $350 per month child support. As provided in the modified custody order, the children stay with their father for the first fourteen days of each month and with their mother for the remainder of the month. The chil-dren have all of their clothes and belongings at their mother's home and pack suitcases when they go to their father's home, which is across the street. While the children reside with their father, he provides for their meals and expenses. Bonnie Francis makes all the provisions and plans for the children's holidays, although Bruce Francis buys them gifts. Bonnie and Bruce Francis share the major decisions affecting the children's lives, such as medical care and educational concerns.

AFDC benefits are available to assist needy, dependent children in households where at least one parent is absent or incapacitated. 45 CFR § 233.90(a)(1) (1985). The AFDC program calls for the states to implement an approved plan for administering the assistance, 42 U.S.C. § 602, and Maine has done so through the Department of Human Services. AFDC regulations provide for eligibility for public assistance to be determined on a monthly basis. Maine Public Assistance Payments Manual (MPAPM), ch. I § B, p. 1 (Rev. 1/82). During that thirty-day period the child must be living with a specified relative in an abode maintained by the relative as the relative's home. The eligibility requirement must be established initially and must exist continuously during receipt of assistance. MPAPM, ch. II, § A, p. 3 (Rev. 3/86).

Mrs. Francis argues that the Department's requirement that children live continuously in the home is inconsistent with federal law. We reject that argument. In practice, the "continuous" requirement is flexible, and federal regulations recognize that temporary absences from the home do not automatically preclude eligibility for AFDC benefits. *See* 45 CFR § 233.90(c)(1)(V)(B) (1985). In this case, the Commissioner found that the time spent with each parent has some significance in determining the child's residence.[1]

---

1. The Commissioner reasoned that where time spent with one parent significantly exceeds time spent with the other, the question arises as to whether time spent with the second parent may not be visitation rather than care and control. In such instances, the Commissioner reasoned

From the facts adduced at the hearing the Commissioner concluded that physical possession as well as care and control are shared almost equally by Bonnie and Bruce Francis within any given month. The Commissioner's conclusion implies a finding that both parents provide homes for the children, each for approximately two weeks at a time, rather than one parent merely providing accommodations for visits. *Cf.* 45 CFR § 233.90(c)(1)(V)(B) (1985) (home exists as long as relative exercises responsibility for care and control of child). Because the children reside with their mother for no more than seventeen days consecutively, the Commissioner's conclusion that Bonnie Francis did not meet the thirty-day eligibility requirement is supported by competent evidence.

■ We also reject Mrs. Francis' argument that the Commissioner erred in finding that the children are not deprived of parental support and care by reason of their father's absence from the home. Although Bruce Francis has been continuously absent from Mrs. Francis' home, that fact alone does not entitle Mrs. Francis to AFDC benefits. The parental absence must either interrupt or terminate the parent's functioning as a provider of maintenance, physical care, or guidance for the child, and the duration of the absence must preclude the parent from planning for the present support or care of the child. 45 CFR § 233.90(c)(1)(iii) (1985).

■ In this case competent evidence supports the Commissioner's determination that these children are not deprived of parental support and care during a single thirty-day period. The continuing relationship between the father and the children as a result of their living with him across the street from the mother's house for fourteen consecutive days a month undergirds the Commissioner's determination that he is available for the present support and care of the children, notwithstanding that

that factors such as emotional investment and responsibility for major decision-making take

the children spend the remainder of the month with their mother.

The entry is:

Judgment affirmed.

All concurring.